■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. WISE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 25, 1974, upon a verdict convicting the defendant of the crime of manslaughter in the first degree. After the discovery of the body of a man in the parking lot in the rear of a building housing Albany Manpower, Inc., the police investigation revealed that the victim's death was caused by repeated stabbings of the chest area with a sharp instrument and that, immediately prior to the discovery, the victim had been engaged in a fight with another male. The very next morning a man matching the suspect's description was spotted by police officers on the steps of the Manpower office very near to the site of the crime. A frisk of the suspect produced an ice pick, later introduced at the trial as the murder weapon. The defendant interposed the defense of mental disease or defect (Penal Law, § 30.05). Dr. Walter A. Osinski, a psychiatrist, testified at the trial that defendant was legally sane at the time of the crime. Defendant appeals on two points; first, that the ice pick should have been suppressed from evidence because it was the product of an illegal search; and, second, that it was prejudicial error to allow Dr. Osinski to testify as to the psychiatric examination he performed on defendant because defense counsel was not present during the examination. A police officer is authorized to stop and

question a person in a public place who he reasonably suspects to have committed a felony and in the course of this detention is permitted to search for a deadly weapon or instrument when he reasonably suspects he is in danger of physical injury (CPL 140.50). In view of the defendant's location at the time he was stopped, together with the general matching of his description with that of the suspect, and because the crime involved was a violent homicide, the frisk in this case was entirely justified *(Terry v Ohio,* 392 US 1; *People v Moore,* 32 NY2d 67; *People v Mack,* 26 NY2d 311). The remaining question is whether defense counsel had sufficient notice of the examination of defendant conducted by Dr. Osinski. The Court of Appeals in *People v Cerami* (33 NY2d 243), held that defense counsel must be furnished with sufficient details as to date, time and place of a psychiatric examination of defendant to permit him to attend. In this case, the defendant's attorney was given sufficient notice of the examination conducted by Dr. Osinski to comply with the requirements of *Cerami.* After a preliminary hearing, the defendant's attorney requested a psychiatric examination for his client. The Judge specifically informed him that "I talked to the psychiatrist * * * within the last hour. He will examine Mr. Wise later this afternoon, or tomorrow morning". The examination was in fact held that afternoon as defense counsel had been advised, but without his presence. Under these circumstances, this court feels that the requirements of *People v Cerami (supra)* were met, that defense counsel's failure to attend was not through a failure of proper notice and that the trial court committed no error in admitting the psychiatric testimony. Defendant's further argument that testimony based upon an examination conducted under CPL article 730 should not be admitted into evidence at a trial on the issue of the defendant's sanity is without merit. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.